RICHARD STRONG *vs.* DINSMORE SMITH & Trustee.

Where an administrator, who has in his hands a distributive share of an estate which accrued to a married woman, is summoned as trustee, in an action against her husband, he will be discharged if the husband die while the action is pending ; as the wife's right of survivorship is not devested, in such case, until judgment.

By the answer of C. Butler, who was summoned as trustee in this case, it appeared that he was administrator of the estate of John Burgess, and had been ordered, by the judge of probate, to pay $56 to Elizabeth Smith, widow of said Dinsmore Smith, the principal defendant, as her distributive share in the estate of said Burgess — the said Dinsmore having died since this action was commenced.

*Farley* and *B. Russell*, for the plaintiff, cited *Hayward* v. *Hayward*, 20 Pick. 528.  *Wheeler* v. *Bowen*, 20 Pick. 567.

*Buttrick*, for the trustee.

SHAW, C. J.   The object of this suit is to charge Butler as trustee, as the administrator of the estate of John Burgess, the father of Mrs. Smith, wife of the principal defendant.   By the Rev. Sts. *c.*109, § 62, the distributive share of an heir at law may be attached by summoning the administrator as trustee. And we formerly decided, in this case, that as the distributive share of the wife was a chose in action, which the husband might reduce to possession for his own benefit, so a creditor of the husband might do the same thing.   The trustee process operates as a species of compulsory statute assignment, by which a creditor may obtain that by operation of law, which his debtor might voluntarily assign to him, in payment of his debt.   *Wheeler* v. *Bowen*, 20 Pick. 563.

It now appears by the further answer of the trustee, that Smith, the principal defendant, and husband of the distributee, has deceased, during the pendency of this action ; and the question now is, whether the trustee can be charged.   The court are of opinion, that the distributive share of the wife, which was a chose in action that accrued during the coverture, survives to the wife, unless reduced to possession by the husband during his lifetime ; *Hayward* v. *Hayward*, 20 Pick. 517 ; and that noth

ing short of a judgment will amount to such reduction to pos·session as to bar the wife's right of survivorship. Clancy Husb. & Wife, 113. We think also that the creditor of the husband has no higher or better right, than he himself had ; and that the attachment created a lien only, and did not devest the wife's right of survivorship, in the event of the death of the husband before judgment.

*Trustee discharged.*